UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**EARNEST HANEY,**

    Petitioner,

v.                                        Civil Action No. 2:19-cv-684

**J. ANDREWS, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Earnest Haney's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, and the Respondent J. Andrews, Warden, Federal Correctional Complex ("FCC") Petersburg's ("Respondent") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Motion to Dismiss") and supporting memorandum, ECF Nos. 5-6. The matter was referred for disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

The United States District Court for the Western District of Missouri sentenced Petitioner to a 180-month term of federal imprisonment for possession and distribution of child pornography. ECF No. 1 at 1. He is presently housed at FCC Petersburg. *See id.* The Petition does not contest Petitioner's sentence or underlying conviction. *Id.*

### A. Incident Report issued to Petitioner by the Bureau of Prisons

On March 3, 2019, Bureau of Prison ("BOP") staff wrote Incident Report 3229599, which charged Petitioner with a violation of BOP disciplinary code 110, "refusing drug/alcohol test." ECF No. 1 at 18. The incident report alleges Petitioner appeared to be under the influence of a controlled substance (K2), and failed to provide a urine sample after two hours in a SHU holding cell despite being provided water. *Id.*

On March 5, 2019, BOP staff gave Petitioner notice that his charge was referred to the Discipline Hearing Officer ("DHO") and was advised of his rights for that hearing. ECF No. 6, attach. 1 at 3, 11–12. On April 18, 2019, the DHO held Petitioner's hearing. *Id.* at 3. Petitioner waived his rights to a staff representative and to call witnesses on his behalf. *Id.* Petitioner asserted that there were mitigating factors that prevented him from providing his sample, but the DHO found Petitioner committed the prohibited act as charged. *Id.* at 14–16. The DHO sanctioned Petitioner to: (1) disallowance of forty-one days GCT, (2) three months loss of telephone privileges, and (3) four months loss of commissary. *Id.* at 16.

Petitioner filed a Regional Administrative Remedy Appeal on May 13, 2019, stating he still had not received the DHO report and he was entitled to receive it within fifteen business days. ECF No. 1 at 20. This appeal included the date of his sanction, the alleged conduct, and the sanctions he received. *Id.* On June 4, 2019, the Administrative Remedy Coordinator at the Mid-

2

Atlantic Regional Office denied Petitioner's appeal because Petitioner "did not provide a copy of the DHO report [he wished] to appeal or identify the charges and date of the DHO action." *Id.* at 22. Petitioner filed a Central Office Administrative Remedy Appeal on June 11, 2019. *Id.* at 24. On July 16, 2019, the Central Office denied the appeal on the grounds that: (1) Petitioner submitted the appeal to the wrong level, and (2) the Central Office concurred with the Regional Office's rationale for rejection. *Id.* at 26.

The instant Petition was filed December 16, 2019. *Id.* at 1. The DHO completed and signed the report on January 31, 2020. ECF No. 6, attach. 1 at 3. Petitioner did not receive a copy of the report until March 24, 2020. *Id.*

**B. Instant Petition submitted by Petitioner pursuant to 28 U.S.C. § 2241**

On December 16, 2019, while incarcerated at FCC Petersburg, Virginia, Petitioner filed the instant *pro se* Petition pursuant to 28 U.S.C. § 2241. ECF No. 1 at 1. Petitioner "is not challenging his conviction for violation of the prohibited acts described herein, but rather the resulting disciplinary proceedings." *Id.* at 2. Specifically, Petitioner alleges his due process rights were violated when the BOP failed to provide Petitioner with a written copy of the DHO Report. *See id.* at 2–3. As a remedy, Petitioner requests that his GCT be reinstated and that all relevant incident reports be expunged. *Id.* at 15.

**C. Respondent's Motion**

On May 18, 2020, Respondent filed a Motion to Dismiss and memorandum in support. ECF No. 5–6. Respondent argues that the Petition is moot because Petitioner has since received a copy of his report, Petitioner was afforded all the due process rights to which he was entitled, and Petitioner failed to show he was prejudiced by the delayed receipt of the DHO Report. *Id.* at 8–13. Petitioner filed a response on September 23, 2020, ECF No. 12, and Respondent filed a Reply

thereto on September 25, 2020, ECF No. 13. Accordingly, the Respondent's Motion to Dismiss, ECF No. 5, is ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of the instant § 2241 Petition, the Court must ascertain whether it has jurisdiction over Petitioner's claims, and whether those claims are justiciable. Respondent does not dispute that § 2241 is the proper vehicle for asserting this type of claim, but because the sole issue is moot, the undersigned **FINDS** that the instant § 2241 Petition is nonjusticiable.

### A. 18 U.S.C. § 2241

Section 2241 petitions "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11cv00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). The relevant portion of the statute provides that "(c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because the purpose of a § 2241 petition for a writ of habeas corpus is "to test the legality of detention," a petition can be brought pursuant to 28 U.S.C. § 2241 "'regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 502 U.S. 875 (1991) and citing *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982)). Here, because the instant Petition

challenges the way in which Petitioner's disciplinary proceedings were conducted, § 2241 is the proper vehicle by which to assert his claims.

## B. Exhaustion and Procedural Default

Unlike other statutes authorizing a prisoner to seek federal habeas relief, "§ 2241 is silent on exhaustion. Even so, courts have generally required parties to exhaust available administrative remedies before seeking § 2241 relief from the federal courts." *Janvier v. I.N.S.*, 174 F. Supp. 2d 430, 434 (E.D. Va. 2001). After the DHO hearing, Petitioner submitted a Regional Appeal. ECF No. 1 at 20. After an unsuccessful Regional Appeal, Petitioner submitted an appeal to the Central Office, which is the final administrative appeal level, and received a decision on that appeal. *Id.* at 24–18. Accordingly, the undersigned **FINDS** that Petitioner sufficiently appealed his claim through the BOP's prescribed administrative remedy scheme and has therefore properly exhausted his remedies.

## C. Mootness

Petitioner's sole contention is that the DHO failed to timely provide him with a copy of the report in violation of the Due Process Clause of the United States Constitution. *See* ECF No. 1 at 2–3.

> To be justiciable under Article III of the Constitution, the conflict between the litigants must present a "case or controversy" both at the time the lawsuit is filed and at the time it is decided. If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented.

*Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983).

Petitioner has a constitutional right to receive a copy of the DHO Report. *See Wolff v. McDonnell* 418 U.S. 539, 564-65 (1974). But Petitioner did ultimately receive a copy of his DHO Report on March 24, 2020, and this report gave him the opportunity to appeal the results of his hearing. *See* ECF No. 6, Attach. 1 at 17. Petitioner's claim is therefore moot. *See Shahan v.*

*Ormond*, No. 3:18cv200, 2018 WL 6681210, at *11 (E.D. Va. Dec. 19, 2018) ("[W]ith respect to [the inmate's] claim that he did not receive the DHO Report, such a claim is moot because after filing this action, [the inmate] received the DHO Report."). Because there is no live case or controversy between the parties, the Petition is nonjusticiable.

### III. RECOMMENDATION

While Petitioner properly invoked § 2241 as the vehicle to challenge the timing in which he received the DHO written decision, and properly exhausted his administrative remedies, as detailed herein, the undersigned **FINDS** that Petitioner's claim is moot. For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED** and the Petition, ECF No. 1, be **DENIED AND DISMISSED WITH PREJUDICE**.

### V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985);

*Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 7, 2020